UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYPERMEDIA NAVIGATION LLC,<br>　　　　Plaintiff,<br>　　v.<br>YAHOO HOLDINGS INC.,<br>　　　　Defendant. | Case No. 17-cv-03188-HSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 42, 64, 70 |

Pending before the Court is Plaintiff Hypermedia Navigation, LLC's motion for leave to amend the complaint. Dkt. No. 64. Also pending before Court is Defendant Yahoo Holdings, Inc.'s motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(c) for lack of patentable subject matter under 35 U.S.C. § 101. Both motions are fully briefed.

The Court first addresses Plaintiff's motion. Under Federal Rule of Procedure 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). The five factors relevant to determining proper amendment are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (same factors). The Court weighs prejudice to the opposing party most heavily. *Eminence Capital*, 316 F.3d at 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). Having carefully considered the parties' arguments, the Court finds that Defendant has failed to demonstrate prejudice or make a strong showing as to any of the other

*Foman* factors, and the presumption in favor of granting leave to amend applies.  Therefore, the Court **GRANTS** Plaintiff's motion for leave to amend the complaint.[1]  Plaintiff shall file the amended complaint by August 22, 2017.

Given that it is granting leave to amend the complaint, the Court hereby **DENIES AS MOOT** Defendant's motion to dismiss, but without prejudice to Defendant timely filing a responsive motion to Plaintiff's amended complaint.[2]

**IT IS SO ORDERED.**

Dated: 08/18/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted.  *See* Civil L.R. 7-1(b).
[2] Consequently, the Court also **DENIES AS MOOT** Plaintiff's administration motion for leave to file a sur-reply to Defendant's motion to dismiss.  *See* Dkt. No. 70.