Kris S. LeFan SBN 278611
*kris@lowelaw.com*
LOWE & LEFAN, P.C.
8383 Wilshire Suite #1038
Beverly Hills, CA 90211
Telephone: (310) 477-5811
Facsimile: (310) 477-7672

Hao Ni (pro hac vice)
*hni@nilawfirm.com*
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
Telephone: (972) 331-4600
Facsimile: (972) 314-0900
Attorneys for Plaintiff
Hypermedia Navigation LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| **HYPERMEDIA NAVIGATION LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**YAHOO HOLDINGS, INC.,**<br><br>Defendant. | Case No. 4:17-cv-03188-HSG<br><br>**ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>DATE: Thursday, November 9, 2017<br>TIME: 2:00 p.m.<br>C/R: 2, 4th Floor<br>JUDGE: Hon. Haywood S. Gilliam, Jr. |

Pursuant to Local Civil Rules 7-11, Plaintiff Hypermedia Navigation, LLC ("Hypermedia" or "Plaintiff") hereby submits the following administrative motion for an order granting Hypermedia leave to file the sur-reply to Defendant Yahoo Holdings, Inc.'s ("Yahoo" or "Defendant") Motion to Dismiss. Hypermedia has complied with Local Rule 7-11 and sought Defendant's stipulation to file a sur-reply. Defendant has not yet confirmed whether it would oppose the Motion and as such, Plaintiff files the Motion as Opposed.

I. **INTRODUCTION AND STATEMENT OF RELEVEANT FACTS**

Yahoo's Reply Brief adds 8 new case cites and specifically makes new invalidity arguments based on at least 4 previously undisclosed cases.

Plaintiff requests leave to file a sur-reply brief to respond to the new arguments and evidence introduced by Defendant's reply. Good cause exists to grant Hypermedia's request under the circumstances. Defendant filed its Motion to Dismiss on September 11, 2017. Its Motion did not raise any of these cases or make any invalidity arguments based on these cases. Defendant had more than sufficient ability to do so.

Defendant had an obligation to come forward with all arguments on which it intended to rely (and to submit all evidence) in its opening brief, to allow Plaintiff an adequate opportunity to respond. Instead of complying with this obligation, Defendant waited until its Reply brief to raise various new arguments, leaving

Plaintiff with no ability to respond or otherwise defend itself. *See* **II.A** below. Plaintiff should have the opportunity to respond to these allegations, which Defendant waited until the last minute to make.

For these reasons, Plaintiff respectfully requests that the Court grant leave to file a sur-reply in opposition to Defendant's Motion to Dismiss. To the extent the Court is inclined to grant this request, Plaintiff has attached its Sur-Reply in Opposition to Defendant's Motion to Dismiss as Exhibit A to this Motion. This Sur-Reply is limited to certain evidence and argument that was improperly raised for the first time in Defendant's Reply.

## II. ARGUMENT

### A. *In addition to the numerous new cases which could've been previously presented by Yahoo, Yahoo adds new invalidity arguments based on GT Nexus, Intellectual Ventures I, CyberSource, and Affinity Labs.*

In Yahoo's Reply, pages 7, 9-11 specifically set forth new invalidity arguments based on at least 3 new cases that were not previously discussed in either the Motion or the Response. Defendant had ample opportunity to make invalidity arguments based on these cases in its Motion but did not do so. Plaintiff is requesting the opportunity to respond to these invalidity arguments which are not comparable to the Asserted Claims.

## III. CONCLUSION

Defendant's submission of new evidence and new invalidity arguments in its Reply is improper.  Plaintiff therefore requests administrative leave to submit the Sur-Reply attached as Exhibit A to this Motion, responding to Defendant's newly added invalidity arguments.

Dated:  October 16, 2017         By: */s/ Hao Ni*
                                     Hao Ni

**Attorney for Plaintiff Hypermedia Navigation LLC**

### CERTIFICATE OF SERVICE

I certify that all counsel of record is being served on October 16, 2017, with a copy of this document via the Court's CM/ECF system.

                                     */s/ Hao Ni*
                                     ―――――――――――
                                     HAO NI

Dated:   10/17/2017

